IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02553-BNB

ALBERT PETER GRENIER,

      Applicant,

v.

STEVEN HARTLEY, Warden, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

      Respondents.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 7 2009

GREGORY C. LANGHAM
CLERK

---

### ORDER OF DISMISSAL

---

Applicant, Albert Peter Grenier, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Grenier initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Arapahoe County District Court case number 98CR1850. He has paid the $5.00 filing fee for a habeas corpus action.

On November 4, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On November 18, 2009, Respondents filed their pre-answer response. On November 24, 2009, Applicant filed a reply.

The Court must construe liberally Mr. Grenier's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the habeas corpus application.

Mr. Grenier was convicted by a jury in Arapahoe County District Court case number 98CR1850 on charges of first-degree premeditated murder and abuse of a corpse. The trial court sentenced him to life imprisonment.

On March 6, 2008, the Colorado Court of Appeals affirmed on direct appeal. *See People v. Grenier*, No. 00CA1992 (Colo. Ct. App. Mar. 6, 2008) (not published). On February 17, 2009, the Colorado Supreme Court denied certiorari review. Mr. Grenier has not filed any postconviction motions in state court.

On October 30, 2009, Mr. Grenier submitted the instant application to this Court. Respondents concede that the instant action is filed in a timely manner, i.e., within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court need not address further the one-year limitation period.

Mr. Grenier asserts three claims: (1) that he was entitled to immunity from prosecution under Colorado's "Make My Day" law, Colo. Rev. Stat. § 18-1-704.5, as there was evidence the victim entered his motel room unlawfully and he was acting in self-defense; (2) that the original tape recording of his confession was lost and the copy used at pretrial hearings and at trial was altered by the prosecutions; and (3) that the toxicology report of the victim would have shown that he acted in self-defense.

2

A review of his state appellate briefs reveals that Mr. Grenier failed to raise any of his asserted claims as a federal constitutional claim in the state courts. He even concedes this failure in the habeas corpus application. *See* application at 5. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per

3

curiam). Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Because Mr. Grenier failed to present any of asserted claims as a federal constitutional claim in the state courts, he has failed to exhaust state remedies.

Although Mr. Grenier failed to exhaust state court remedies for his three asserted claims, the Court may not dismiss these claims for failure to exhaust state remedies if Mr. Grenier no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists because any future claims would be denied as successive under Colo. R. Crim. P. 35(c) because they could have been presented in an appeal or postconviction proceeding previously brought. *See* Colo. Rev. Stat. § 35(c)(3)(VII). Therefore, the claims that Mr. Grenier failed to exhaust are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Grenier's *pro se* status does not exempt him from

4

the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Grenier must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Grenier first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id*. Mr. Grenier then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Mr. Grenier fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, because Mr. Grenier has failed to demonstrate cause and prejudice or a fundamental miscarriage of

justice, the Court finds that the claims Mr. Grenier failed to exhaust are procedurally barred and will be dismissed. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as procedurally barred. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant, Albert Peter Grenier, has not made a substantial showing of the denial of a constitutional right so that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claims have constitutional merit.

DATED at Denver, Colorado, this _16_ day of _December_, 2009.

BY THE COURT:

ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-02553-BNB

Albert Peter Grenier
Prisoner No. 107040
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

Katherine A. Hansen
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**


I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/17/09

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk